County, Mintz, J.—Discovery.) Present—Callahan, J. P., Pine, Lawton, Boehm and Fallon, JJ.

◼ MID-STATE ELEVATOR CO., INC., Respondent, v EMPIRE-SALINA ASSOCIATES et al., Defendants, and BENJAMIN KASPER et al., Appellants. (Appeal No. 1.)—Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Mordue, J. (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present —Callahan, J. P., Pine, Lawton, Boehm and Fallon, JJ.

◼ MID-STATE ELEVATOR CO., INC., Respondent, v EMPIRE-SALINA ASSOCIATES et al., Defendants, and BENJAMIN KASPER et al., Appellants. (Appeal No. 2.)—Order unanimously affirmed without costs. Memorandum: Defendants Benjamin Kasper and Richard Kasper sought leave to renew their opposition to plaintiff's motion for summary judgment by submitting "newly discovered evidence". That evidence consisted of proof that the work was not performed in a workmanlike manner. They also contended that the records necessary to oppose the motion in the first instance were not in their possession by reason of their disassociation with defendant partnership. Because defendants' renewal motion was predicated on a legal theory not advanced in opposition to the original motion and a defense not asserted in their answer, it was properly denied (see, Brookview Homeowners' Assn. v Mark IV Constr. Co., 178 AD2d 967). Further, it was not an abuse of discretion to deny renewal based upon the unsupported assertion of the building manager that she gave notice to plaintiff of the partnership's dissolution sometime subsequent to October 7, 1987. (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Renewal.) Present—Callahan, J. P., Pine, Lawton, Boehm and Fallon, JJ.

◼ WILMA FERRIS, Respondent-Appellant, v COLUMBIAN MUTUAL INSURANCE COMPANY, Appellant-Respondent.—Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Plaintiff is the widow of Donald Ferris, who died of a cancer-related infection on February 13, 1989. At the time of his death, Ferris had life insurance coverage under a policy issued by defendant on October 7, 1987. On his policy application form, Ferris had responded negatively to questions whether he had consulted a physician within the past 10 years for chest pains and whether he had an "EKG" within the previous five years. Ferris also authorized defendant's access to his medical records.